**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| GAIL VENEY, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-0875 (RMU) |
| | : | | |
| v. | : | Document No.: | 6 |
| | : | | |
| STARBUCKS CORPORATION, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING THE DEFENDANT'S MOTION TO TRANSFER THE CASE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

**I.   INTRODUCTION**

The plaintiff, Gail Veney, brings suit against Starbucks Corporation, alleging acts of negligence in violation of Virginia common law related to her drinking tainted coffee at a Starbucks location in Alexandria, Virginia. The defendant moves to transfer the case to the United States District Court for the Eastern District of Virginia ("the Eastern District of Virginia" or "the transferee district"). The plaintiff contests the defendant's motion to transfer, but because the proposed transfer is appropriate pursuant to 28 U.S.C. § 1404, the court grants the defendant's motion and transfers the case to the Eastern District of Virginia. [1]

---

[1] As the court only transfers the case, it need not consider its own jurisdiction because "a lack of personal jurisdiction on the part of the transferor court does not prevent transfer . . . to any jurisdiction where the claims might have originally been brought." *In re: Vitamins Antitrust Litig.,* 270 F. Supp. 2d 15, 36-37 (D.D.C. 2003).

## II. BACKGROUND

### A. Factual History

On or about April 28, 2005, the plaintiff, a resident of the state of Virginia, visited the defendant's property located at 6754 Richmond Highway in Alexandria, Virginia. Compl. ¶¶ 5-6. The plaintiff ordered a cup of coffee but received a cup that allegedly contained a mixture of coffee and cleaning solution. *See id*. ¶ 11. After drinking it, the plaintiff immediately became nauseous and vomited. *Id*. at 8. Having sustained injuries to her tongue, throat and vocal cords, *id*. ¶ 14, the plaintiff went to the emergency room of Inova Mount Vernon Hospital in Alexandria, Virginia on that same day. Def.'s Mot. to Transfer ("Def.'s Mot.") at 7 & Ex. A. The plaintiff subsequently underwent two surgeries in the District of Columbia. Compl. ¶ 14, Pl.'s Opp'n at 3, Def.'s Mot., Ex. D. All other physicians who treated the plaintiff, of which there are at least four, work in Virginia. Def.'s Mot., Exs. A, B and C.

### B. Procedural History

On April 2, 2007, the plaintiff filed suit in the Superior Court for the District of Columbia, alleging that the defendant was negligent in failing to maintain a safe environment for its business invitees, improperly serving business invitees food and drink that did not pass health codes and disregarding applicable safety codes and regulations. Compl. ¶¶ 12-13. Further, the plaintiff claims that the defendant's negligence directly and proximately caused the plaintiff's injuries, which include but are not limited to unspecified damage to her tongue, throat and vocal cords. *Id*. ¶ 14. In May 2007, the defendant removed the action to this court and thereafter moved to transfer the action to the Eastern District of Virginia. The court now turns to the defendant's motion to transfer.

### III. ANALYSIS

#### A. Legal Standard for Venue under 28 U.S.C. § 1391(a) and Transfer Pursuant to 28 U.S.C. § 1404(a)

When federal jurisdiction is premised solely on diversity, 28 U.S.C. § 1391(a) controls venue, establishing that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a).

In an action where venue is proper, 28 U.S.C. § 1404(a) nonetheless authorizes a court to transfer a civil action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to [an] individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Under this statute, the moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

Accordingly, the defendant must make two showings to justify transfer. First, the defendant must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Van Dusen*, 376 U.S. at 622. Second, the defendant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that district. *Trout Unlimited*,

944 F. Supp. at 16. As to the second showing, the statute calls on the court to weigh a number of case-specific private and public-interest factors. *Stewart Org.*, 487 U.S. at 29. The private-interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989); 15 FED. PRAC. & PROC. § 3848). The public-interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id*.

### B. The Court Transfers the Case to the Eastern District of Virginia

The defendant asserts that the Eastern District of Virginia is the proper venue pursuant to 28 U.S.C. §1391(a) because that district is more convenient for the parties and most of the witnesses currently reside and are employed in Virginia. Def.'s Mot. at 10. Further, the defendant highlights that the public interest factors weigh in favor of transferring this action and that, therefore, transfer is proper under 28 U.S.C. § 1404(a). *Id.* The plaintiff counters by claiming she has demonstrated that she is entitled to deference to her choice of forum and that the defendant has failed to meet its burden of establishing that the Eastern District of Virginia is the more convenient forum. Pl.'s Opp'n at 6. The court, however, agrees with the defendant.

### 1. The Plaintiff Could Have Brought this Case in the Transferee District

The threshold question under §1401(a) is whether the plaintiff could have brought this action in the proposed transferee district at the time the complaint was filed. *Trout Unlimited,* 944 F. Supp. at 16 (citing *Van Dusen*, 376 U.S. at 622). Section 1391(a)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1931(a). The defendant asserts and the plaintiff agrees that venue is proper in the Eastern District of Virginia under the general federal venue provision, 28 U.S.C. §1391(a). Def.'s Mot. at 5, Pl.'s Opp'n at 2. The plaintiff entered a Starbucks facility in Alexandria, Virginia, allegedly drank tainted coffee at that location and received treatment at an emergency room in Alexandria. Compl. ¶¶ 5-8. Because all of the events giving rise to the claim occurred in Alexandria, Virginia – a city within the transferee district – the defendant has established that the plaintiff could have originally brought this action in the Eastern District of Virginia.

### 2. The Balance of Private and Public-Interest Factors Favors Transfer

Having concluded that the plaintiff could have brought this case in the Eastern District of Virginia, the court must now determine whether considerations of convenience and the interest of justice weigh in favor of transfer to that district. *Trout Unlimited*, 944 F. Supp. at 16. After considering the case-specific private and public-interest factors, *Stewart Org.*, 487 U.S. at 29, the court concludes that transfer is appropriate.

### a. Private-Interest Factors

In weighing the private interest factors, the court takes into consideration: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof. *Trout Unlimited,* 944 F. Supp. at 16. As to the first factor, the court must afford some deference to the plaintiff's choice of forum. *Air Line Pilots Ass'n v. Eastern Air Lines,* 672 F. Supp. 525, 526 (D.D.C. 1987). This deference is mitigated, however, when the plaintiff's choice of forum has "no meaningful ties to the controversy and no particular interest in the parties or the subject matter." *Chung v. Chrysler Corp.,* 903 F. Supp. 160, 165 (D.D.C. 1995) (internal quotations omitted). And considering the next two factors in concert, the defendant's choice of the Eastern District of Virginia is the jurisdiction in which the claims arose.

As for the convenience of the defendant, transferring this action is unlikely to be an inconvenience being that the defendant is a multi-national corporation and the Eastern District of Virginia is fewer than 15 miles from this court. *See Weinberger v. Tucker,* 391 F. Supp. 2d 241, 245 (D.D.C. 2005) (quoting the defendant as saying that "[t]ransferring this case to a court that sits less than nine miles away, in a neighboring jurisdiction, will have minimal effect on witnesses, the availability of compulsory process, proximity to evidence, and the other factors considered under § 1404(a)"). Although the plaintiff "travels to and works in the District every day," Pl.'s Opp'n at 3, she resides in Alexandria, Virginia, Compl. ¶ 1. The court, therefore, concludes that the parties' convenience weighs neither for nor against transfer.

The defendant asserts that the majority of the witnesses, including both fact witnesses and medical experts, save one, are located in Virginia. Def.'s Mot., Exs. A, B, and C. The plaintiff asserts that liability cannot be seriously contested and thus the key witnesses in this case will be the medical experts and not the fact witnesses. Pl.'s Opp'n at 4. Furthermore the plaintiff argues that because one of the medical experts works in D.C., this court would be the most convenient forum, and it can utilize its 100-mile subpoena power pursuant to Rule 45(b)(2) to compel the other witnesses, all of whom reside in Virginia, to appear. *Id.* These arguments are unpersuasive given that the inverse is also true – the one medical expert who operates in D.C. is well within and would be subject to the transferee court's 100-mile subpoena power. Therefore, the convenience of the majority of the witnesses favors transfer, and the defendant has convincingly argued that the transferee district would provide for greater access to sources of proof. In sum, the defendant has successfully argued that the private-interest factors favor transfer.

### b. Public-Interest Factors

The public-interest factors also favor transfer. First, the court considers the transferee district's familiarity with the governing laws and its interest in deciding this controversy. *Trout Unlimited*, 944 F. Supp. at 16. The court is confident that the transferee district in Virginia is familiar with Virginia law, and the public interest is "best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Id.* at 19. Second, in considering the relative congestion of the calendars of the potential transferee court, the court has no reason to suspect the Eastern District of Virginia's docket could not accommodate this case. *Id*. at 16; *Jyochosky v. Winter*, 2006 WL 1805607, at *6 (D.D.C. June 29, 2006) (noting that the court was unaware of any significant difference in the congestion of the respective dockets of this

district and the Eastern District of Virginia). Furthermore, the case has not evolved past the earliest stages of litigation, and the proposed transfer would not unduly delay the case's progress. *Schmidt v. Am. Physics,* 322 F. Supp. 2d 28, 35 (D.D.C. 2004). In sum, the court concludes that the balance of private and public-interest factors favors transfer of this case to the Eastern District of Virginia.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the motion to transfer this action to the United States District Court for the Eastern District of Virginia. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 19th day of June, 2008.

RICARDO M. URBINA
United States District Judge